IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ismail O. Dickerson, | Case No.: 4:25-cv-6192-JD-SVH |
| Plaintiff, | |
| vs. | **ORDER** |
| 15th Judicial Circuit Solicitor's Office; Jimmy A. Richardson, II; Morgan O'Bryan Martin; Dylan Bagnal; and George Debusk, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges (DE 7), issued pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending summary dismissal of this action without issuance and service of process. Plaintiff Ismail O. Dickerson ("Plaintiff") filed objections to the Report on July 17, 2025 (DE 9), and a Motion for Appointment of Counsel on October 3, 2025 (DE 11).[1]

After a thorough review of the Report, Plaintiff's objections, the Motion for Appointment of Counsel, and the applicable law, the Court overrules the objections, adopts the Report in full, and denies the motion for appointment of counsel.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

### A. Background

The Report sets forth the relevant factual allegations and governing legal standards, which the Court incorporates herein by reference. In brief, Plaintiff, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against the 15th Judicial Circuit Solicitor's Office and several current or former solicitors, alleging that Defendants violated his constitutional rights by withholding exculpatory evidence in his state criminal prosecution.

### B. Report and Recommendation

The Magistrate Judge issued a Report (DE 7) on June 30, 2025, concluding that Plaintiff's claims are barred by absolute prosecutorial immunity and that the Solicitor's Office is not subject to liability under § 1983 on the facts alleged. The Report, therefore, recommends summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315

(2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.     Plaintiff's Objections

Plaintiff objects to the Report on the ground that Defendants are not entitled to absolute immunity because, in his view, they acted "outside the role of prosecutor" by allegedly withholding *Brady* material and violating professional conduct rules. (DE 9.) Plaintiff relies primarily on *Nero v. Mosby*, 890 F.3d 106 (4th Cir. 2018), *Burns v. Reed*, 500 U.S. 478 (1991), and related authority for the proposition that absolute immunity protects the prosecutorial process, not the individual, and does not extend to administrative or investigative conduct. Plaintiff's objections do not demonstrate any error in the Magistrate Judge's analysis.

First, it is well settled that prosecutors are absolutely immune from § 1983 damages claims for conduct "intimately associated with the judicial phase of the criminal process," including decisions regarding evidence disclosure. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). The deliberate withholding of exculpatory evidence, even if unconstitutional, is treated as an advocative function for immunity purposes. *Id*. at 431 n.34; *Van de Kamp v. Goldstein*, 555 U.S. 335, 344–45 (2009). The Fourth Circuit has repeatedly held that claims premised on alleged *Brady* violations fall squarely within the scope of absolute prosecutorial immunity. *See*

*Annappareddy v. Pascale*, 996 F.3d 120, 141 (4th Cir. 2021); *Carter v. Burch*, 34 F.3d 257, 263 (4th Cir. 1994).

Second, Plaintiff's reliance on *Burns v. Reed*, 500 U.S. 478 (1991), and *Nero v. Mosby*, 890 F.3d 106 (4th Cir. 2018), does not alter the immunity analysis. Both decisions reaffirm that prosecutorial immunity turns on the *function performed*, not the prosecutor's title, motive, or the legality of the conduct. *See Nero*, 890 F.3d at 118.

In *Burns*, the Supreme Court held that a prosecutor is not entitled to absolute immunity when providing *legal advice to police during the investigative phase of a criminal case*, prior to the initiation of judicial proceedings. 500 U.S. at 493. At the same time, *Burns* expressly reaffirmed that absolute immunity applies to conduct occurring in court and to actions undertaken in preparation for prosecution, including participation in probable-cause hearings. *Id.* at 491–92. The decision, therefore, draws a clear distinction between *pre-prosecution investigative advice* and *advocative conduct associated with judicial proceedings*.

Plaintiff's allegations do not implicate the narrow investigative exception recognized in *Burns*. Decisions concerning the evaluation of evidence, compliance with *Brady* disclosure obligations, and preparation of a criminal case for trial occur *after the initiation of prosecution* and are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 344–45 (2009). As a matter of settled law, such conduct is advocative in nature and protected by absolute immunity, even when a plaintiff alleges deliberate misconduct or constitutional error.

4

*Nero* reinforces this conclusion. There, the Fourth Circuit rejected attempts to defeat prosecutorial immunity by alleging improper motive, bad faith, or unconstitutional purpose, emphasizing that absolute immunity applies so long as the challenged conduct falls within the prosecutor's role as an advocate. 890 F.3d at 118–20. The court made clear that immunity protects "the process, not the person," and that alleged misuse of prosecutorial authority does not transform advocative functions into investigative or administrative acts. *Id*.

Accordingly, Plaintiff's effort to characterize alleged *Brady* violations as "administrative" or "outside" the role of prosecutor is foreclosed by controlling Supreme Court and Fourth Circuit precedent. The conduct alleged falls squarely within the core prosecutorial functions for which absolute immunity applies.

Third, Plaintiff's assertion that Defendants acted in an "administrative capacity" or violated state rules of professional conduct does not alter the immunity analysis. Alleged violations of ethical rules do not strip prosecutors of absolute immunity for advocative conduct. *See Imbler*, 424 U.S. at 427–28. Section 1983 does not provide a cause of action for violations of state professional conduct rules, and such allegations do not transform trial-related prosecutorial decisions into administrative acts.

Fourth, Plaintiff's attempt to impose liability on the Solicitor's Office under *Monell* and *Connick v. Thompson*, 563 U.S. 51 (2011), is unavailing. A South Carolina Solicitor's Office is an arm of the State, not a municipal entity subject to suit under § 1983, and is, therefore, immune under the Eleventh Amendment. Even if *Monell*

5

applied, Plaintiff alleges no facts plausibly establishing an unconstitutional policy or custom or a failure-to-train theory meeting the stringent requirements articulated in *Connick*.

Finally, Plaintiff's argument that Defendants should "bear the burden" of justifying their conduct misconstrues the posture of this case. At the initial review stage under § 1915(e)(2)(B), the Court must dismiss claims that are legally barred on their face. Absolute prosecutorial immunity is such a bar, and Plaintiff's allegations, taken as true, do not state a cognizable claim for relief.

Accordingly, Plaintiff's objections reflect disagreement with the outcome recommended in the Report but do not identify any factual or legal error in the Magistrate Judge's reasoning. The objections are, therefore, overruled.

### E.     Motion for Appointment of Counsel

Plaintiff also moves for appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). There is no constitutional right to appointed counsel in civil cases. Appointment of counsel is discretionary and appropriate only in "exceptional circumstances," which depend on the type and complexity of the case and the abilities of the litigant to present his claims. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984); *Jenkins v. Woodard*, 109 F.4th 242, 252–54 (4th Cir. 2024).

Plaintiff cites his indigence, incarceration, limited education, health issues, and the complexity of the legal issues. While the Court does not minimize these circumstances, they do not constitute exceptional circumstances warranting appointment of counsel in this case. Plaintiff has demonstrated the ability to

articulate his claims and legal arguments, and the dispositive issue here is a purely legal one—absolute prosecutorial immunity—rather than a fact-intensive inquiry requiring investigation, discovery, or expert testimony. Moreover, because the action is subject to dismissal at the screening stage as a matter of law, appointment of counsel would not alter the outcome.

Accordingly, the Motion for Appointment of Counsel (DE 11) is denied.

### F.    Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections (DE 9), **ADOPTS** the Report and Recommendation (DE 7), **DISMISSES** this action without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENIES** Plaintiff's Motion for Appointment of Counsel (DE 11).

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 14, 2026

### NOTICE OF RIGHT TO APPEAL
The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.